UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FG SORELLE, LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>VLADIMER KOZLOV; VALENTINA KOZLOV; and DOES 1–10, INCLUSIVE,<br><br>　　　　Defendants. | No. 2:16-cv-00826-GEB-AC<br><br>***SUA SPONTE* REMAND ORDER**[*] |

　　　On April 21, 2016, Defendant Vladimer Kozlov ("Defendant") filed a Notice of Removal removing this unlawful detainer case from the Superior Court of California for the County of Placer. (Notice of Removal (NOR), ECF No. 1.) For the following reasons, this case is remanded *sua sponte* to the Superior Court of California for the County of Placer because the federal court is without subject matter jurisdiction over this case.

　　　"There is a 'strong presumption against removal jurisdiction,' and the removing party has the burden of establishing that removal is proper." Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 414 F. App'x 62, 64 (9th Cir. 2011) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). Defendant asserts in the Notice of Removal that federal question removal jurisdiction exists. Specifically, Defendant contends

---

[*] The undersigned judge revokes referral of this case a Magistrate Judge.

1

that removal is appropriate because it is based on "the federal question of violations of federal laws re [sic] fair housing, retaliatory evictions, and related racial discrimination violation of [f]ederal laws," which are Defendant's anticipated defenses and constitute the asserted federal question justifying removal. (NOR ¶ 1.)

However, review of the Complaint reveals Plaintiff alleges a single claim for unlawful detainer under California law, and "[a]s a general rule . . . a case will not be removable if the complaint does not affirmatively allege a federal claim." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 947 (9th Cir. 2014) (internal quotation marks omitted) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987)). Further, "it [is] . . . settled law that a case may not be removed to federal court on the basis of a federal defense [that] would arise only as a defense to a state created action" because such a defense does not create federal subject matter jurisdiction. Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 14, 16 (1983); see also Int'l Union of Operating Eng'rs v. Cty. of Plumas, 559 F.3d 1041, 1045 (9th Cir. 2009) (explaining that federal jurisdiction "only arises . . . when the federal law does more than just shape a court's interpretation of state law; the

federal law must be at issue").

For the stated reasons, this case is remanded to the Superior Court of California for the County of Placer.

Dated: April 22, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge